UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VINCENT BROOKS,

        Petitioner,

vs.                                    Case No. 3:19-cv-782-BJD-JBT

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

        Respondents.

_____

**ORDER**

**I.  STATUS**

Petitioner Vincent Brooks is proceeding on a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1).  He filed a Memorandum of Law (Memorandum) and Appendix (Doc. 2).  Respondents filed a Motion to Dismiss Petition for Writ of Habeas Corpus (Response) (Doc. 13).  Petitioner filed a Reply Brief (Reply) (Doc. 17) and an Appendix (Doc. 18).[1]  Petitioner challenges a state court

---

[1] Respondents filed Exhibits (Doc. 13).  The Court hereinafter refers to the exhibits as "Ex." The Court references the Bates stamp numbers at the bottom of each page of the exhibit. Otherwise, the page number on the exhibit will be referenced.  For the Petition, Memorandum, Response, and Reply, the Court references the docket and page numbers assigned by the electronic filing system.

(Duval County) conviction for sexual battery. In his Memorandum, he raises one ground claiming ineffective assistance of trial counsel. Memorandum at 11.

Regarding timeliness of the Petition, Petitioner admits his judgment of conviction "became final many years ago" but asserts his Petition "presents an Actual Innocence claim." Petition at 5. As such, he contends there has been a fundamental miscarriage of justice. Id. at 3.

In his Memorandum, Petitioner claims entitlement to equitable tolling of the one-year limitation period. Id. at 4-5, 7. Also, Petitioner claims his Petition is timely under 28 U.S.C. § 2244(d)(1)(D) ("The limitation period shall run from the latest of . . . the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.") as it is based on newly discovered evidence. Id. at 5.

## II. ONE-YEAR LIMIT

Respondents submit that the Petitioner is untimely.[2] See Response. Pursuant to the AEDPA, there is a one-year period of limitation:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

---

[2] In his Reply, Petitioner asks that the Court strike the Respondents' Response. See Reply at 7. That request will be denied as the Petition is untimely and due to be dismissed with prejudice. An explanation follows.

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner had one-year to file a timely federal petition pursuant to 28 U.S.C. § 2254. Wilcox v. Fla. Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998) (per curiam) (one-year from date of enactment is adopted for convictions that became final prior to the effective date of AEDPA), cert. denied, 531 U.S. 840 (2000); see Guenther v. Holt, 173 F.3d 1328, 1331 (11th Cir. 1999) (same), cert. denied, 528 U.S. 1058 (2000). Review of the record shows Petitioner

failed to comply with the limitation period described above. Petitioner acknowledges as much. Petition at 5.

The Petition (Doc. 1), filed on June 18, 2019, pursuant to the mailbox rule, is untimely and due to be dismissed unless Petitioner can establish equitable tolling of the statute of limitations is warranted. Petitioner may be relying on Martinez v. Ryan, 566 U.S. 1 (2012), claiming he is entitled to have his Petition heard free of procedural or time bars because he did not have counsel for his collateral review proceedings. To the extent he is attempting to rely on Martinez to overcome the statute of limitations bar, this contention fails as the Eleventh Circuit has rejected that contention. Arthur v. Thomas, 739 F.3d 611, 630 (11th Cir.) (finding the Martinez rule inapplicable to the statute of limitations or the tolling of that period), cert. denied, 574 U.S. 821 (2014). In short, the holding in Martinez, is inapplicable and does not excuse the untimeliness of the filing of the Petition.

Conceding untimeliness under 28 U.S.C. § 2244(d)(1)(A), Petitioner presents a claim of actual innocence based on newly discovered evidence and asserts he is entitled to equitable tolling. In their Response, Respondents address Petitioner's contentions. The Court will first address the matter of equitable tolling and then address Petitioner's claim of actual innocence.

### III. EQUITTABLE TOLLING

The one-year limitation period is subject to equitable tolling. Holland v. Fla., 560 U.S. 631, 649 (2010). Petitioner carries the burden of persuasion. He must satisfy a two-pronged test; he must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Id. at 649 (quotation marks omitted). See Christmas v. Judd, No. 20-14431, 2021 WL 4860927, at *1 (11th Cir. Oct. 19, 2021) (per curiam) (not reported in Fed. Rptr.) (same).

Equitable tolling is an extraordinary remedy, only employed in "rare and exceptional circumstances and typically applied sparingly." Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017) (quotations and citation omitted), cert. denied, 138 S. Ct. 1042 (2018). See Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (equitable tolling "is a remedy that must be used sparingly"). This heavy burden is not easily surmounted.

As noted by Respondents, Petitioner is not entitled to equitable tolling as he has not carried his burden. Response at 22-26. He has not shown that he diligently pursued his rights, nor does he identify any extraordinary circumstances that stood in his way. Ryder v. Sec'y, Dep't of Corr., No. 8:09-CV-2019-T-27MAP, 2012 WL 12895353, at *4 (M.D. Fla. June 6, 2012) (not reported in F. Supp.). "To obtain equitable tolling, . . . Petitioner must show

5

extraordinary circumstances and demonstrate that those circumstances **caused him to miss the filing deadline**." Id. (citations omitted).

Equitable tolling is a remedy that should be used sparingly, and Petitioner has failed to show he is entitled to it. After a thorough review, the Court is not persuaded that Petitioner acted diligently. The Court finds Petitioner has not met the burden to show extraordinary circumstances that are both beyond his control and unavoidable with diligence. The Court concludes equitable tolling, an exceptional remedy, is inapplicable under these circumstances.

### IV.  NEWLY DISCOVERED EVIDENCE

To the extent Petitioner is claiming that his one-year period should run from the date of the Florida Department of Law Enforcement (FDLE) May 28, 2008 report, Ex. W at 14, the Petition is still deemed untimely filed.[3] The record shows Petitioner waited until March 28, 2006, pursuant to the mailbox rule, to file a Rule 3.853 Fla. R. Cr. P. Motion. Ex. W at 1-10. The circuit court, on July 25, 2008, entered an Order Terminating Any Further DNA Testing. Id. at 11-12. Attached to the order is the May 28, 2008 report concerning a DNA profile obtained from the STR analysis. Id. at 14-15. The

---

3 The Court liberally construes the Petition as asking that the Court consider the one-year period as running from the date of the May 28, 2008 report, Petitioner's alleged newly discovered evidence.

results confirmed, "DNA typing results for Exhibits 2a [swabbing from outer back area of underwear], 2b [swabbing from outer back are of underwear] and 2c [hair] were not obtained or were inconclusive at all loci tested." Id. at 14.

Petitioner sought and was granted a petition for belated appeal. Id. at 17; Ex. Y. The mandate issued on September 9, 2009. Ex. W at 16. The First District Court of Appeal (1st DCA) affirmed per curiam on January 26, 2010. Ex. X. The mandate issued on February 23, 2010. Id.

Of import, the Rule 3.853 motion for DNA testing was filed after the one-year limitation period expired. Of further significance, a Rule 3.853 motion for DNA testing does not toll the limitation period. Brown v. Sec'y Dep't of Corr., 530 F.3d 1335, 1137-38 (11th Cir. 2008) (a Rule 3.853 motion is not an application for post-conviction or other collateral review for purposes of tolling pursuant to 28 U.S.C. § 2244(d)(2)).

Even assuming the limitation period began to run after the FDLE issued its report on May 28, 2008, it ran unabated for 134 days before Petitioner filed a Writ of Error Coram Nobis on Friday, October 10, 2008, pursuant to the mailbox rule. Ex. AA. The circuit court denied the petition on Friday, October 24, 2008. Ex. BB. No appeal was taken, and even assuming the limitation period remained tolled until Monday, November 24, 2008 (the thirty-day period to appeal), the one-year period began to run on November 25,

2008 and ran unabated and expired 231 days later, on Tuesday, July 14, 2009.[4] See 28 U.S.C. § 2244(d)(1)(D).

Petitioner's Rule 3.850 motion, filed on May 21, 2010 pursuant to the mailbox rule, did not toll the federal one-year limitation period because it had already expired. Ex. CC. See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (per curiam), cert. denied, 531 U.S. 991 (2000) (a properly filed motion must be pending during the limitation period in order to toll).

Assuming arguendo the limitation period expired on July 14, 2009, the Petition was untimely filed June 18, 2019, ten-years out-of-time. Thus, even utilizing the May 28, 2008 report date as "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence[,] 28 U.S.C. § 2244(d)(1)(D), the Petition is untimely filed and is due to be dismissed with prejudice.

## V. ACTUAL INNOCENCE

Petitioner claims to have new evidence establishing actual innocence. See McQuiggan v. Perkins, 569 U.S. 383, 395 (2013) (restricting the miscarriage of justice exception to a severely confined category of cases in which new evidence shows it is more likely than not that no reasonable juror

---

[4] The thirty-day period to appeal expired on Sunday, November 23, 2008, giving Petitioner until the next day, November 24, 2008, to timely file a notice of appeal. See Fla. R. App. P. 9.420(e); Fla. R. Crim. P. 3.040; Fla. R. Jud. Admin. 2.514(a). He did not appeal.

8

would have convicted petitioner).[5]   Upon review, Petitioner has failed to make a credible showing of actual innocence with new evidence that was not available at the time of his trial.   Indeed, he has not shown that it is more likely than not that no reasonable juror would have convicted him in light of new evidence.

Although not a model of clarity, apparently the new alleged exculpatory evidence Petitioner contends his counsel should have unearthed is the results of the DNA testing contained in the FDLE's May 28, 2008 report.   This is problematic, because Petitioner previously claimed the DNA testing eventually done in 2008 was not available at the time of trial in 1991.   Indeed, Petitioner sought this testing in 2006 claiming subsequent scientific developments in DNA testing "would produce a definitive result."   Ex. W at 4.

Unfortunately for Petitioner, that is not the case.   The results are anything but definitive.   The circuit court, in its Order Terminating Any Further DNA Testing, opined:

> The FDLE report, dated May 28, 2008, concluded that DNA typing results, as it pertains to the two items of underwear, was either not obtained or

---

5 To the extent this Court should broadly construe the Petition as claiming legal innocence, not factual innocence, that will not save the day.   Petitioner is required to show factual innocence, not mere legal insufficiency.   Bousley v. United States, 523 U.S. 614, 623 (1998). See Rozzelle v. Sec'y Fla. Dep't of Corr., 672 F.3d 1000, 1012-13 (11th Cir.) (per curiam) (factual innocence required), cert. denied, 568 U.S. 914 (2012).   Petitioner has not made a credible showing of actual innocence.

9

> inconclusive. [Exhibit "B"]. Florida Rule of Criminal Procedure 3.853(c)(5)(C), requires the Court to find that "there is a reasonable probability that the sentenced defendant would have been acquitted or would have received a lesser sentenced [sic] if the DNA evidence as [sic] admitted." Since the results of the DNA testing will not result in any reasonable probability that the Defendant would be acquitted or result in the Defendant receiving a lesser sentence, the Defendant has failed to meet the necessary requirements and any further testing would be fruitless.

Ex. W at 12. The court attached the May 28, 2008 report finding the DNA typing results "were not obtained or were inconclusive[.]" Id. at 14.

The 1st DCA affirmed. Ex. X. The mandate issued on February 23, 2010. Id.

On May 21, 2010, pursuant to the mailbox rule, Petitioner raised a claim of newly discovered evidence pursuant to a Motion for Postconviction Relief relying on the May 28, 2008 FDLE report. Ex. CC at 1-14. On July 30, 2012, the circuit court found Petitioner failed to establish that the newly discovered evidence is of such nature that it would probably produce an acquittal on retrial. Id. 15-16. The court explained, there was an absence of DNA evidence linking Petitioner to the offense at the original trial, and there is still an absence of DNA evidence linking Petitioner to the crime, even considering the results from more advanced STR testing. Id. at 16-17. As such, nothing

really changed: "the inconclusive additional testing performed on the underwear in 2008 resulted in nothing more than the same absence of evidence which existed at the time of trial." Id.

The record demonstrates, at trial, in the defense's opening statement, counsel argued, although there was blood on the underwear, it was not connected to the victim or to Petitioner. Ex. D at 192. Paul Patrick McCaffrey, the crime lab analyst for FDLE and forensic serologist, testified there was blood on Exhibit B (underwear), but the species could not be determined. Ex. D at 267. He noted no blood was found on Exhibit A (underwear). Id. Mr. McCaffrey confirmed there was no attempt to isolate any DNA. Id. at 270.

Upon review, the blood test results neither incriminated nor exonerated Petitioner. The same is true of the more advanced STR testing of the underwear; "the inconclusive additional testing performed on the underwear in 2008 resulted in nothing more than the same absence of evidence which existed at the time of trial." Ex. CC at 16-17. Attached to the court's decision is the May 28, 2008 report finding the DNA typing results "were not obtained or were inconclusive[.]" Id. at 19. The circuit court's factual findings are presumed to be correct as Petitioner has not rebutted the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Finally, the trial record shows the jury gave credence to the victim's testimony that Petitioner sexually battered him. Although Petitioner took the stand and said he did not commit sexual battery, the jury returned a verdict of guilty as charged in the information. Ex. E at 406. Notably, the conviction, "does not require inculpatory DNA evidence." Ex. CC at 17. As such, the court denied postconviction relief. Id. The 1st DCA affirmed the decision of the circuit court denying postconviction relief. Ex. FF. The mandate issued November 14, 2012. Id.

Petitioner has not made a credible showing of actual innocence as he has not offered new evidence that is directly probative of his innocence (DNA evidence, forensic evidence, alibi evidence, or a confession). Here, the DNA evidence is not probative of innocence. It neither incriminates nor exonerates Petitioner, just like the blood evidence at trial. This new scientific evidence is simply not exculpatory. Petitioner is required to show 'factual innocence" not legal insufficiency. Kropa v. Sec'y, Dep't of Corr., No. 8:16-CV-2612-T-27MAP, 2017 WL 354103, at *3 (M.D. Fla. Jan. 23, 2017) (not reported in F. Supp.). In failing to make a credible showing of actual innocence, Petitioner has failed to provide a gateway to obtain a decision on the merits of his claim of ineffective assistance of counsel.

Because Petitioner has not shown an adequate reason why the dictates of the one-year limitation period should not be imposed upon him, this case will be dismissed with prejudice as untimely.

## VI. CONCLUSION

Petitioner has not presented any justifiable reason why the dictates of the one-year limitation period should not be imposed upon him. The record demonstrates he had ample time to exhaust state remedies and prepare and file a federal petition.

Petitioner has failed to demonstrate he is entitled to equitable tolling. First, he has not shown he exercised due diligence. Second, Petitioner has not shown extraordinary circumstances stood in his way and prevented him from timely filing a federal petition.

The Court also finds Petitioner has failed to demonstrate that he has new evidence establishing actual innocence. Petitioner has failed to present a tenable actual-innocence gateway plea. After due consideration, the Court finds he has not presented new reliable evidence which shows that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.

Petitioner is not excused from complying with the time constraints for filing a federal petition. As he has not shown an adequate reason why the

dictates of the one-year limitation period should not be imposed upon him, this case is due to be dismissed with prejudice as untimely.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.  The Petition for Writ of Habeas Corpus (Doc. 1) and the case are **DISMISSED WITH PREJUDICE**.

2.  The **Clerk** shall enter judgment dismissing the Petition with prejudice and dismissing the case with prejudice.

3.  The **Clerk** shall close the case.

4.  If Petitioner appeals the dismissal of the Petition (Doc. 1), **the Court denies a certificate of appealability**.[6] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.

---

[6] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.

Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of December, 2021.

_____
BRIAN J. DAVIS
United States District Judge

sa 12/14
c:
Vincent Brooks
Counsel of Record